UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

KELLY CASTILLO, NICHOLE BROWN, and BARBARA GLISSON, Individually and on behalf of all others similarly situated,

    Plaintiffs,

    v.    NO. CIV. S-07-02142 WBS GGH

GENERAL MOTORS CORPORATION,

    Defendant.

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

    After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for January 28, 2008, and makes the following findings and orders without needing to consult with the parties any further.

    I.    <u>SERVICE OF PROCESS</u>

    Defendant has been served and will file a responsive pleading by January 4, 2008. No further service is permitted without leave of court, good cause having been shown under Fed. R. Civ. P. 16(b).

## II. JOINDER OF PARTIES/AMENDMENTS

Plaintiffs may seek to join additional Saturn customers as plaintiffs and class representatives. Plaintiffs anticipate that defendant General Motors will file a motion to dismiss. If that motion is granted, plaintiffs may seek leave to amend their complaint. However, no further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown under Fed. R. Civ. P. 16(b). See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

## III. JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1332 (diversity). Several of the plaintiff class members are citizens of states different from defendant General Motors. The amount in contention is over $75,000.00. Venue is undisputed and is hereby found to be proper.

## IV. VOLUNTARY DISPUTE RESOLUTION PROGRAM

The parties stipulate that this matter be referred to Voluntary Dispute Resolution Program. If the case is not settled in Voluntary Dispute Resolution, a Settlement Conference will be set at the time of the Pretrial Conference.

## V. DISCOVERY

The parties have stipulated that prior to submission of final class certification briefs, discovery shall be limited to class certification issues. Final class certification briefs shall be filed no later than July 18, 2008.

Initial disclosures required by Fed. R. Civ. P. 26(a)(1) shall be disclosed by no later than February 29, 2008.

1  Plaintiff shall disclose experts and produce reports
2 in accordance with Fed. R. Civ. P. 26(a)(2) by no later than
3 September 26, 2008.
4  Defendant shall disclose experts and produce reports
5 in accordance with Fed. R. Civ. P. 26(a)(2) by no later than
6 October 24, 2008.
7  With regard to expert testimony intended solely for
8 rebuttal, those experts shall be disclosed and reports produced
9 in accordance with Fed. R. Civ. P. 26(a)(2) on or before November
10 21, 2008.
11  All discovery, including depositions for preservation
12 of testimony, is left open, save and except that it shall be so
13 conducted as to be <u>completed</u> by February 27, 2009.  The word
14 "completed" means that all discovery shall have been conducted so
15 that all depositions have been taken and any disputes relevant to
16 discovery shall have been resolved by appropriate order if
17 necessary and, where discovery has been ordered, the order has
18 been obeyed.  All motions to compel discovery must be noticed on
19 the magistrate judge's calendar in accordance with the local
20 rules of this court and so that such motions may be heard (and
21 any resulting orders obeyed) not later than February 27, 2009.
22  VI.  <u>MOTION HEARING SCHEDULE</u>
23  All motions, except motions for continuances,
24 temporary restraining orders or other emergency applications,
25 shall be filed on or before March 27, 2009.  All motions shall be
26 noticed for the next available hearing date.  Counsel are
27 cautioned to refer to the local rules regarding the requirements
28 for noticing and opposing such motions on the court's regularly

scheduled law and motion calendar.

VII.  **FINAL PRETRIAL CONFERENCE**

The Final Pretrial Conference is set for June 29, 2009 at 2:00 p.m. in Courtroom No. 5.  The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  Counsel shall file separate pretrial statements, and are referred to Local Rules 16-281 and 16-282 relating to the contents of and time for filing those statements.  In addition to those subjects listed in Local Rule 16-281(b), the parties are to provide the court with: (1) a plain, concise statement which identifies every non-discovery motion which has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial days.

In providing the plain, concise statements of undisputed facts and disputed factual issues contemplated by Local Rule 16-281(b)(3)-(4), the parties shall emphasize the claims that remain at issue, and any remaining affirmatively pled defenses thereto.  If the case is to be tried to a jury, the parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury.

VIII.  **TRIAL SETTING**

The jury trial is set for August 25, 2009 at 9:00 a.m. in Courtroom No. 5.

1        IX.    SETTLEMENT CONFERENCE

2             A Settlement Conference will be set at the time of the
3 Pretrial Conference.

4             All parties should be prepared to advise the court
5 whether they will stipulate to the trial judge acting as
6 settlement judge and waive disqualification by virtue thereof.

7             Counsel are instructed to have a principal with full
8 settlement authority present at the Settlement Conference or to
9 be fully authorized to settle the matter on any terms.  At least
10 seven calendar days before the Settlement Conference counsel for
11 each party shall submit a confidential Settlement Conference
12 Statement for review by the settlement judge.  If the settlement
13 judge is not the trial judge, the Settlement Conference
14 Statements shall not be filed and will not otherwise be disclosed
15 to the trial judge.

16       X.    MODIFICATIONS TO SCHEDULING ORDER

17             Any requests to modify the dates or terms of this
18 Scheduling Order, except requests to change the dates of the
19 final Pretrial Conference or trial, may be heard and decided by
20 the assigned Magistrate Judge.  All requests to change the dates
21 of the Pretrial Conference and/or trial shall be heard and
22 decided only by the undersigned judge.

23 DATED:    December 19, 2007

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE