1    GREGORY R. OXFORD (S.B. #62333)
     ISAACS CLOUSE CROSE & OXFORD LLP
2    21515 Hawthorne Boulevard, Suite 950
     Torrance, California 90503
3    Telephone:  (310) 316-1990
     Facsimile:  (310) 316-1330
4

5    Attorneys for Defendant
     General Motors Corporation

6

7

8             **UNITED STATES DISTRICT COURT**

9             **EASTERN DISTRICT OF CALIFORNIA**

10

11    KELLY CASTILLO, NICHOLE        Case No. 2:07-CV-02142 WBS-GGH
     BROWN, and BARBARA GLISSON,
12    *Individually and on behalf of all others*    **STIPULATION AND PROTECTIVE**
     *similarly situated*,                   **ORDER WITH PARAGRAPH 7**
13                                   **REVISED IN RESPONSE TO THE**
              Plaintiffs,               **COURT'S ORDER RE: PROPOSED**
14                                     **PROTECTIVE ORDER OF APRIL 15,**
         v.                         **2008**
15

16    GENERAL MOTORS
     CORPORATION, DOES 1 through 50,
17    inclusive,

18               Defendants.

19         **IT IS HEREBY STIPULATED**, by and among plaintiffs and defendant,

20 by and through their undersigned counsel, that the Court may enter its order as follows:

21       1.       Testimony, documents, discovery responses, records, tangible things or

22 information that the parties may contend contain confidential, personal or proprietary

23 and/or trade secrets ("Confidential Information") disclosed or produced by any party in

24 this litigation are referred to as "Protected Material."  Except as otherwise indicated

25 below, all documents, testimony, records, tangible things, or discovery responses

26 designated confidential by the producing party and marked "Confidential" and which are

27 disclosed or produced to the attorneys for the other parties to this litigation is Protected

28 Material and is entitled to confidential treatment as described below.

2.     Protected Material shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, and (c) documents that have been submitted to any governmental entity without request for confidential treatment.

3.     At any time after the delivery of Protected Material, counsel for the party or parties receiving the Protected Material may challenge the confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Material.  If the parties are unable to agree as to whether the confidential designation of material is appropriate, the party or parties receiving the Protected Material shall file a motion challenging the designation.  The party or parties producing the Protected Material shall have the burden of establishing that the disputed Protected Material is entitled to confidential treatment.  All Protected Material is entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary or a contrary determination is made by the Court as to whether all or a portion of the Protected Material is entitled to confidential treatment.

4.     Confidential Treatment.  Protected Material and any information contained therein shall not be used or shown, disseminated, or in any way communicated to anyone for any purpose whatsoever, except as provided for in this Order.  Protected Material shall not be used for any purpose other than the conduct of this action, except that a party may use its own Protected Material for any purpose.

5.     Protected Material and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

    a. The named parties and counsel of record in this action for the parties or party receiving Protected Material or any information contained therein;

    b. Employees of such counsel (including experts, consultants and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action;

c.  Experts, consultants and investigators retained by counsel of record in this action provided that such experts, consultants and investigators agree to be bound by and execute an Affidavit of Compliance With Protective Order, attached hereto as Exhibit "A-1" regarding information contained therein except that General Motors Corporation's Confidential Material and any information contained therein may not be used or shown, disseminated, copied, or in any way communicated to any expert, consultant, investigator and/or any other person who is associated in any way with a competitor of General Motors Corporation;

d.  Witnesses testifying at depositions and/or at trial; and

e.  The Court.

6.  To the extent that Protected Material or information contained therein is used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony referring to the Protected Material or information contained therein. The procedure for the treatment of Protected Material for use at trial will be considered at the time of trial and approved by the Court. Protected Material may only be used in deposition proceedings and marked as exhibits to depositions as follows:

a.  If a party asserts confidentiality with respect to all or any portion of deposition testimony and/or deposition exhibits, that party shall, during the deposition or within ten (10) business days after the deposition transcript is received by the party, designate in writing to opposing counsel with specificity the portions of the deposition and/or deposition exhibits with respect to which confidentiality is asserted. Until the ten (10) business day designation period expires, the entire transcript and all deposition exhibits shall be treated as Protected Material subject to the terms of this Order; and

b.  The party asserting confidentiality shall be responsible for causing the court reporter to (i) mark the designated deposition transcript pages and exhibits

3

"Confidential;" (ii) prepare an index to be the first page of the deposition transcript that lists which pages, lines, and exhibits are Protected Material; and (iii) mark the cover of the deposition transcript to indicate that the transcript contains Protected Material.

  c. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "Confidential" information designated as such under this Order shall remain Confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

  7. The parties may apply *ex parte* to the Court for permission to file Protected Materials (including memoranda, declarations and discovery materials that reveal the content of Protected Materials) under seal based upon a particularized showing of good cause for such protection in accordance with the following procedures.  At least one week prior to making any filing that includes Protected Material designated confidential by the opposing party, the filing party will advise the opposing party of the Protected Materials to be included in the filing.  The opposing party, or the parties together by stipulation, may thereafter apply *ex parte* to the Magistrate Judge for permission to file under seal only those materials for which a particularized showing demonstrates good cause for such protection.  If permission is granted, the designated documents or materials shall be placed in a sealed envelope or other appropriately sealed container on which shall be stated (i) the name and caption of the action; (ii) the name of the party filing the sealed envelope or the container; and, (iii) a statement substantially in the following form:

  This envelope (or container) is sealed pursuant to a Protective Order, and is not to be opened nor the contents thereof displayed or revealed to anyone other than counsel of record in this action or employees and agents of the Court, except pursuant to stipulation of the producing party or order of the Court.  Any courtesy copy of Confidential Material delivered to the Court shall also be sealed as provided above.

8.      Inadvertent or unintentional production of documents or information containing Protected Material which is not designated "Confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Other than as provided in Paragraph 3, neither the taking of, nor the failure to take, any action to challenge any designation of confidentiality pursuant to this Order or to enforce the provisions of this Order shall constitute a waiver of any right, claim or defense by a party in this action.

9.      The party or parties receiving Protected Material shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Material or any information contained therein.  The party or parties receiving Protected Material shall not discuss in any manner whatsoever Protected Material or information contained therein with any person other than Qualified Persons defined in Paragraph 5.

10.     Other than as specifically provided herein, this Order does not expand or limit the scope of discovery or the rights and the obligations of any party with respect thereto on the action or any other proceeding.

11.     Nothing in this Order shall preclude any party from seeking any alternative or additional protection with respect to the use and disclosure of any documents or materials.

12.     This Order shall not abrogate or diminish any contractual, statutory or other legal privilege or protection of a party or person with respect to any Confidential Material.

13.     After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Material for enforcement of the provisions of this Order following termination of this litigation.

14.     Upon sixty (60) days of final termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Material shall return all the Protected Material within its possession, custody, or control, and all portions, summaries, abstracts, indices, and copies thereof (except to the extent any of the

1  foregoing includes or reflects such counsel's work product) to the counsel for the party or

2  parties disclosing or producing the Protected Material or will certify in writing to the party

3  or parties disclosing or producing the Protected Material that all the material has been

4  destroyed.

5       15.    This Order shall be binding upon the parties and their attorneys, successors,

6  executors, personal representatives, administrators, heirs, legal representatives, assigns,

7  subsidiaries, divisions, employees, agents, independent contractors, or other persons or

8  organizations over which they have control.

9       16.    Any party may file a motion to modify the terms hereof.

10 Dated:  April 23, 2008              C. BROOKS CUTTER
                                       KERSHAW, CUTTER & RATINOFF LLP
11
                                       MARK L. BROWN
12                                     THE LAKIN LAW FIRM

13
                                       By: _[s]_____
14                                            Mark L. Brown
                                       Attorneys for Plaintiffs
15
16 Dated:  April _23, 2008             GREGORY R. OXFORD
                                       ISAACS CLOUSE CROSE & OXFORD LLP

17
                                       By: _[s]_____
18                                            Gregory R. Oxford
                                       Attorneys for Defendant
19                                     General Motors Corporation

20

21                                     **<u>ORDER</u>**

22      Good cause appearing therefor, **IT IS SO ORDERED**.

23

24      Dated:  04/29/08               /s/ Gregory G. Hollows
   castillo.ord                        United States Magistrate Judge
25

26

27

28

1  GREGORY R. OXFORD (S.B. #62333)
   ISAACS CLOUSE CROSE & OXFORD LLP
2  21515 Hawthorne Boulevard, Suite 950
   Torrance, California 90503
3  Telephone:  (310) 316-1990
   Facsimile:  (310) 316-1330
4
   Attorneys for Defendant
5  General Motors Corporation

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11  KELLY CASTILLO, NICHOLE            Case No. 2:07-CV-02142 WBS-GGH
    BROWN, and BARBARA GLISSON,
12  *Individually and on behalf of all others*   **DECLARATION OF COMPLIANCE**
    *similarly situated*,                         **WITH PROTECTIVE ORDER**
13
                    Plaintiffs,
14
            v.
15
    GENERAL MOTORS
16  CORPORATION, DOES 1 through 50,
    inclusive,
17
                    Defendants.
18

19        I hereby certify that I, _____, have read, reviewed and

20  understand the Protective Order entered in the above-captioned matter and I agree to abide

21  fully and, thus, be bound by its terms and to be bound thereby.

22        I hereby consent to be subject to the personal jurisdiction of the above-captioned

23  Court with respect to any proceeding related to the Protective Order.

24        Date:  _____

25

26        Signature:  _____

27

28                         EXHIBIT A