1  ROBERT W. SCHMIEDER II (*pro hac vice*)
   MARK L. BROWN (*pro hac vice*)
2  THE LAKIN LAW FIRM, P.C.
   300 Evans Avenue
3  P.O. Box 229
   Wood River, Illinois 62095
4  Telephone:    (618) 254-1127
   Facsimile:    (916) 254-0193
5
   C. BROOKS CUTTER (S.B. #121407)
6  KERSHAW, CUTTER & RATINOFF LLP
   401 Watt Avenue
7  Sacramento, California 95864
   Telephone:    (916) 448-9800
8  Facsimile:    (916) 669-4499
9  Attorneys for Plaintiffs
10 GREGORY R. OXFORD (S.B. #62333)
   ISAACS CLOUSE CROSE & OXFORD LLP
11 21515 Hawthorne Boulevard, Suite 950
   Torrance, California  90503
12 Telephone:    (310) 316-1990
   Facsimile:    (310) 316-1330
13
   Attorneys for Defendant
14 General Motors Corporation
15
16
17                 **UNITED STATES DISTRICT COURT**
18                **EASTERN DISTRICT OF CALIFORNIA**
19

| | |
|---|---|
| 20  KELLY CASTILLO, NICHOLE BROWN, and BARBARA GLISSON, | Case No. 2:07-CV-02142 WBS-GGH |
| 21  *Individually and on behalf of all others similarly situated*, | **FINAL JUDGMENT** |
| 22                              Plaintiffs, | Honorable William B. Shubb |
| 23                    v. | |
| 24  GENERAL MOTORS CORPORATION, | |
| 25 | |
| 26                              Defendants. | |

27
28

                                    1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This matter having come before the Court on the application of Plaintiffs, individually and as representatives of a class of similarly situated persons (collectively, "Plaintiffs"), and General Motors Corporation ("Defendant") for approval of the settlement set forth in the Stipulation of Settlement and the exhibits thereto (collectively the "Agreement"), and the Court having considered all papers filed, all evidence submitted and proceedings had herein and otherwise being fully informed;

IT IS **HEREBY ORDERED, ADJUDGED AND DECREED:**

1.      The Court has jurisdiction over the subject matter of this litigation, and over all parties to the litigation, including all members of the proposed Class defined as all residents of the United States who as of January 13, 2009, own or have owned a model year 2002, 2003, 2004 or 2005 Saturn VUE or model year 2003 or 2004 Saturn ION equipped with a continuously variable VTi transmission ("Class Vehicle") excluding (i) any person, firm, trust, corporation, or other entity that purchased Class Vehicles from GM, or any entity related or affiliated with GM, for resale or fleet purposes (including without limitation any authorized Saturn Retailer) and (ii) any person who has instituted an action for damages for property damage or personal injury against GM related to the VTi transmission of a Class Vehicle ("Class").  Excluded from the Class are members of a Subclass consisting of persons otherwise falling within this Class definition but (1) to whom Notice of the Settlement inadvertently was not mailed prior to the Settlement Approval hearing and (2) who did not otherwise receive timely notice of the Settlement.

2.      Pursuant to Rule 23(a), Federal Rules of Civil Procedure, the Court finds that the members of the proposed Class are so numerous that joinder of all members is impracticable, that there are questions of law and fact common to the Class, that the claims of the named plaintiffs are typical of the claims of Class and that the named plaintiffs have fairly and adequately represented the Class and will continue to do so. Pursuant to Rule 23(b), Federal Rules of Civil Procedure, the Court further finds that questions of fact common to the Class predominate over factual questions affecting only

individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Accordingly, the Court certifies the Class as defined in paragraph 1 above.

3.      The Court hereby finds that: (a) the settlement memorialized in the Stipulation of Settlement previously filed with the Court ("Agreement") has been entered into in good faith and was concluded after Class Counsel had conducted an extensive investigation concerning the issues raised by Plaintiffs' claims; (b) the settlement evidenced by the Agreement is fair, reasonable and adequate as to, and in the best interests of, the Class Members; (c) the settlement delivers benefits to the Class in a timely manner while resolving complex issues that would require expensive and long-lasting litigation; (d) the Agreement was the result of extensive arms' length negotiations among highly experienced counsel, with full knowledge of the risks inherent in this litigation; (e) there is no evidence of collusion or fraud in connection with the settlement; (f) the investigation conducted to date suffices to enable the parties and the Court to make an informed decision as to the fairness and adequacy of the settlement; (g) the case raised complex and vigorously contested issues of law and fact that would result in complex, expensive, and lengthy litigation; (h) the Plaintiffs faced significant risks in establishing liability and damages; and (i) the release is tailored to address the allegations in the case.

4.      Accordingly, the Court hereby orders and declares (a) the Agreement is approved by the Court and shall be binding on all Class Members; and (b) the Agreement as approved by this final judgment is and shall be binding and preclusive in all pending and future lawsuits or other proceedings whether in state or federal court.  Each and every term and condition of the Agreement as a whole (including its attached exhibits) is approved as proposed and is to be effective, implemented, and enforced as provided in the Agreement.

5.      The Court finds that the Class Notice and methodology implemented pursuant to this Court's Preliminary Approval Order provided the best notice practicable

under the circumstances.  The Court further finds that the Class Notice advised each member of the Class, in plain easily understood language: (a) the nature of the suit; (b) the definition of the Class certified; (c) the class claims, issues, and defenses; (d) that a Class Member could enter an appearance through counsel if desired; (e) that the Court would exclude from the Class any member who timely requested exclusion by a specified date; and (f) that the judgment incorporating the settlement will fully release Defendant, dismiss this lawsuit with prejudice, and include and bind all members of the Class who did not timely request exclusion.  The Court finds that the Class Notice and methodology fully complied with all applicable legal requirements, including the Due Process Clause of the Constitution of the United States and the Federal Rules of Civil Procedure.

6.     The Court also finds that the Final Notice and the post-settlement notice methodology to be implemented pursuant to the Agreement will provide the best practicable notice under the circumstances of the Judgment and Claim Form to all Class Members, and the Court further finds that the Final Notice and methodology constitute due, adequate and sufficient notice to all persons entitled to receive notice, and fully comply with all applicable requirements of law, including the Due Process Clause of the Constitution of the United States and the Federal Rules of Civil Procedure.

7.     The Court finds that Class Counsel and the Class representatives adequately represented the Class for purposes of entering into and implementing the Agreement.

8.     The terms of the Agreement as approved by this final judgment shall be forever binding on, and shall have *res judicata* effect and preclusive effect in, all pending and future lawsuits or other proceedings that may be maintained by or on behalf of the Plaintiffs or any Class Members, as well as their collective heirs, executors, administrators, successors and assigns, relating to the Action and/or the Released Claims (as defined in the Agreement).

9.     The preceding paragraph of this Judgment covers, without limitation,

4

any and all claims for attorneys' fees, costs or disbursements incurred by Class Counsel or any other counsel representing Plaintiffs or the Class Members, or incurred by Plaintiffs or the Class Members, or any of them, in connection with or related in any manner to this Action, the settlement of this Action, the administration of the settlement and/or the Released Claims.

10.     All Class Members who did not timely exclude themselves from the Class are, from this day forward, hereby permanently barred and enjoined from:

(a)     filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit in any  jurisdiction based on or relating to: (i) the claims and causes of action asserted or that could have been asserted in this Action; (ii) the facts and circumstances relating to this Action; or (iii) the Released Claims, or

(b)     organizing Class Members, or soliciting the participation of Class Members, in a separate class for purposes of pursuing as a purported class action any other lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to: (i) the claims and causes of action asserted or that could have been asserted in this Action; (ii) the facts and circumstances relating to this Action; or (iii) the Released Claims.

11.     Class Representatives are each awarded $2,500 for their roles in this litigation ("Incentive Fees").  Class Counsel and Local Counsel are hereby awarded the total sum of $4,425,000 in attorneys' fees, costs and expenses ("Attorneys' Fees and Expenses").  Defendant shall pay the Incentive Fees and Attorneys' Fees and Expenses in accordance with the Settlement Agreement.  Defendant shall have no responsibility for and no liability with respect to the allocation of Attorneys' Fees to Class Counsel or any other person who may assert some claim thereto.

12.     Neither this Judgment nor the Agreement (nor any document referred to herein or any action taken to carry out this Final Judgment) is, may be construed as, or

may be used as an admission by Defendant of the validity of any claim, of actual or potential fault, wrongdoing or liability whatsoever.  Entering into or carrying out the Agreement and any negotiations or proceedings relating to the settlement shall not in any event be construed as, or deemed to be evidence of, an admission or concession of the Defendant and shall not be offered or received into evidence in any action or proceeding against any party hereto in any court, judicial, administrative, regulatory hearing, arbitration, or other tribunal or proceeding for any purpose whatsoever, except in a proceeding to enforce the Agreement.  This Final Judgment and the Agreement it approves (including exhibits thereto) may, however, be filed in any action against or by the Defendant to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.     All individual claims by Class Members and all Class claims asserted or that could have been asserted herein by Class Members, are hereby DISMISSED WITH PREJUDICE, without fees, costs, or expenses to any party except as otherwise provided herein.  Pursuant to Rule 54(b), Fed. R. Civ. P., the Court finds that there is no just reason for delay and expressly directs that this judgment be entered forthwith, without prejudice to the rights of members of the Subclass consisting of persons who otherwise fall within the Class definition but (a) to whom Notice of the Settlement inadvertently was not mailed prior to the Settlement Approval hearing and (b) did not otherwise receive timely notice of the Settlement.

DATED:  April 14, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE